# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV19-01050-RGK (JCx) | Date | April 26, 2019 |
|---|---|---|---|
| Title | *LORENA PALMA, et al V. JOHNSON AND JOHNSON CONSUMER, INC. et aL* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On December 18, 2018, Lorena Palma and Michael Lai ("Plaintiffs") filed a complaint against Johnson and Johnson Consumer, Inc. ("Defendant") alleging state statutory claims based on employment discrimination.

On November 10, 2017, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In their complaint, Plaintiffs, who are deaf and hard-of-hearing, allege that they were accepted for fulfillment/warehousing positions with Neutrogena and told to attend an orientation. However, when they attempted to attend orientation, Plaintiffs were unable to understand the communications due to their disabilities. They were told that Neutrogena would reschedule the orientation and provide an ASL interpreter. However, the orientation was never rescheduled, and Plaintiffs were ultimately informed that Defendant would no longer consider them for employment. Plaintiffs seek compensatory economic and emotional damages, punitive damages, injunctive relief to prevent further discrimination, interest, and attorneys' fees.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV19-01050-RGK (JCx) | Date | April 26, 2019 |
|---|---|---|---|
| Title | ***LORENA PALMA, et al V. JOHNSON AND JOHNSON CONSUMER, INC. et aL*** | | |

In support of its removal, Defendant calculates that Plaintiffs' alleged economic damages alone, would exceed $51,655.60, based on an hourly rate of $14.51 and a 40 hour work week. Defendant then states that including all other requested damages, the amount in controversy exceeds the jurisdictional minimum.

Defendant fails to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Defendant has arrived at a starting point of $51,655.60, based on speculation as to the number of hours Plaintiffs would have worked. Moreover, considering that Plaintiffs never actually worked any hours at the facility, Defendant improperly speculates that Plaintiffs have suffered compensatory economic damages equal to the entirety of what they would have earned at Neutrogena. Notwithstanding these assumptions, even if the Court accepts $51,655.60 as a starting point, with no supporting evidence regarding emotional distress damages, Defendant still does not meet the minimum amount in controversy, as attorneys' fees and punitive damages are speculative.

District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, e.g.*, *MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

As to punitive damages, Defendant has offered no adequate basis on which to measure what punitive damages might be as a multiple of estimated compensatory damages.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer